UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Securities and Exchange Commission,

Plaintiff

v.

Matthew Wade Beasley, et al.,

Defendants

The Judd Irrevocable Trust, et al.,

Relief Defendants

Case No. 2:22-cv-00612-CDS-EJY

**Order Granting the Receiver's Emergency Motion in Aid of Receivership in Part, and Order Modifying ECF No. 88, and Order Precluding Zoom Appearances without Court Authorization**

[ECF No. 993]

This is a long-pending enforcement action brought by the Securities and Exchange Commission (SEC), against numerous defendants and relief defendants. *See* Am. compl., ECF No. 118. On June 3, 2022, the court took possession of certain assets of the defendants and relief defendants and appointed Geoff Winkler as the Receiver of those assets. *See* Appointment Order, ECF No. 88. In addition to granting the Receiver certain powers and duties, the court's Appointment Order includes an injunction against interfering with the Receiver. *See id.* at 12, § 29. Specifically, it states that the "Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:"

> A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

> B. Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;
>
> . . . or,
>
> D. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

*Id.* The order also states that "[t]he Receiver shall promptly notify the Court and Commission counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order." *Id.* at 13, ¶ 31.

In accordance with his Appointment Order, the Receiver filed an emergency emotion on August 28, 2026, to enjoin certain types of contact between J&J investors and two non-lawyers identified as Aaron Prince and Denise Mraz, and to enjoin contact between Receivership Defendants and J&J investors. Emerg. mot., ECF No. 993 (hereinafter, the Interference Motion). As explained in that motion, the Receiver learned that Prince and Mraz have formed something they call the "Justice and Freedom Association" (JFA) and have been recruiting "Net Winner Clients"[1] to sign "membership agreements." *Id.* at 2, 11. As part of that agreement, they promise to provide legal advice, amongst other information, to the Net Winners, who are also defendants in the pending clawback actions in this District.[2] *See id.* at 2. Moreover, the Receiver learned that counsel for defendant Jeffrey Judd, Kevin Anderson, Esq., was collaborating with Prince and Mraz to interfere with the Receiver and his administration of the estate. *Id.* at 3–4. As a result, the Receiver filed the Interference Motion to prevent "Aaron Prince and Denise Mraz from soliciting, contacting, or otherwise communicating with any investors in the J&J Enterprise"

---

[1] Net Winners are individuals the Receiver has determined are in possession of funds that constitute Receivership Assets and who are therefore defendants in the pending clawback actions. ECF No. 993 at 14.

[2] The clawback actions in this district are case numbers: 2:26-cv-00990-CDS-NJK, 2:26-cv-00992-CDS-NJK, 2:26-cv-00993-CDS-NJK, 2:26-cv-00995-CDS-NJK, 2:26-cv-00996-CDS-NJK, 2:26-cv-00998-CDS-NJK 2:26-cv-01000-CDS-NJK, 2:26-cv-01001-CDS-NJK, and 2:26-cv-01003-CDS-NJK.

and enjoining "the Receivership Defendants from communicating with any investors without further order of the Court or the Receiver's explicit written authorization."[3] *Id.* at 23–24.

I held two hearings to address the Interference Motion: one on September 4, 2026, and another on September 25, 2026.[4] *See* Mins., ECF Nos. 1008, 1045; *see also* Transcripts (Tr.), ECF Nos. 1038, 1041.[5] I granted the motion in part during the September 4, 2026 hearing. Specifically, I granted the relief requesting authorization to investigate the alleged violations of the Appointment Order. Tr., ECF No. 1041 at 13. I also ordered the Receiver to file a status report with an update regarding what the investigation revealed within 60 days. *Id.* at 12.

Before the September 25, 2026 hearing, Judd filed an opposition to the Interference Motion (ECF No. 1013), and the Receiver filed his reply, which was accompanied by several exhibits (ECF Nos. 1025, 1026). After considering the Receiver's arguments, and Judd's opposition thereto, together with the compelling exhibits included in the Receiver's reply to Judd's opposition, I further addressed the Interference Motion's requested relief and determined additional relief was warranted because the reply's exhibits (ECF No. 1026) revealed on-going efforts to interfere with the Receiver by Aaron Prince and Denise Mraz, in collaboration with Kevin Anderson.[6] This written order follows to memorialize the court's orders. Thus, based on the information in the pleadings, the findings set out in the related order to show cause (ECF No. 1054), and the arguments of the parties during the September 4 and September 25, 2026 hearings, I grant the following relief.

---

[3] The Receiver also asked the court to set a briefing schedule on the Interference Motion and order Prince and the Receivership Defendants an opportunity to file a response. After the court reviewed the Receiver's reply to ECF No. 993, there was no need to order a response from Prince or Mraz. Instead, the court opted to issue an order to show cause. *See* ECF No. 1054. The only Receivership Defendant who needed to respond to the Interference Motion at that time was Jeffrey Judd. He filed his opposition on September 15, 2026. *See* ECF No. 1013.

[4] The court needed to have two hearings because a conflict-of-interest issue arose as part of the Interference Motion. That issue was addressed during the September 25, 2026 hearing.

[5] The transcript of both hearings are incorporated fully herein.

[6] The show-cause order summarizes the Receiver's evidence. *See* ECF No. 1054.

IT IS HEREBY ORDERED that the Receiver's emergency motion **[ECF No. 993] is granted in part**, as set forth below.

IT IS FURTHER ORDERED that Section VI of the Appointment Order, entitled **INJUNCTION AGAINST INTERFERENCE WITH RECEIVER**, ECF No. 88 at 12–13, is modified as follows:

(1) There can be there be no communication(s) that would constitute interference between the Defendants and Relief Defendants in this action (2:22-cv-00612-CDS-EJY), with the "clawback defendants" named in case numbers: 2:26-cv-00990-CDS-NJK, 2:26-cv-00992-CDS-NJK, 2:26-cv-00993-CDS-NJK, 2:26-cv-00995-CDS-NJK, 2:26-cv-00996-CDS-NJK, 2:26-cv-00998-CDS-NJK 2:26-cv-01000-CDS-NJK, 2:26-cv-01001-CDS-NJK, and 2:26-cv-01003-CDS-NJK. This order does not prevent the Defendants and Relief Defendants named in this action from communicating for purposes of defending against this action. Likewise, this order does not prevent the "clawback defendants" from communicating for purposes of defending themselves.

(2) There can be no contact between the Defendants and Relief Defendants named in this action with anyone identified as an "investor" by the Receiver or anyone who invested in the J&J entities identified in the Complaint as J&J Consulting Services, Inc. (a Nevada corporation), J&J Consulting Services, Inc. (an Alaska corporation), and J and J Purchasing LLC (a Florida limited liability company) (collectively, the J&J Entities), for the purpose of interfering with the Receiver or the Receivership. This order does not prevent Jeffrey Judd, Jordan Judd, Kennedy Judd, Parker Judd, Preston Judd, Gary Judd, and Emily Newberry from communications that are not for the purpose of interfering with the Receiver or the Receivership;

(3) Aaron Prince and Denise Mraz are hereby enjoined from soliciting, contacting, or otherwise communicating with investors of the J&J Entities for purposes of interfering with the Receiver and the Receivership.

IT IS FURTHER ORDERED that conduct that may be construed as interference is broadly defined to include (a) the conduct identified in ECF No. 88 at 12, ¶ 29, and (b) any act or action, to include aiding and abetting those acts or actions, that interferes, obstructs, disrupts, impedes, or hinders the Receiver or the Receivership, or is designed to produce confusion for the Receiver or the Receivership. Nothing in this order precludes the Defendants and Relief Defendants in this action, nor the clawback defendants, from defending their case in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of this District.

IT IS FURTHER ORDERED that the court will docket ECF No. 88 from this action, and a copy of this order, in the cases brought against the clawback defendants: 2:26-cv-00990-CDS-NJK, 2:26-cv-00992-CDS-NJK, 2:26-cv-00993-CDS-NJK, 2:26-cv-00995-CDS-NJK, 2:26-cv-00996-CDS-NJK, 2:26-cv-00998-CDS-NJK 2:26-cv-01000-CDS-NJK, 2:26-cv-01001-CDS-NJK, and 2:26-cv-01003-CDS-NJK. A copy of this order and ECF No. 88 from this action must also be mailed to all defendants who are not authorized to receive CM/ECF notifications.

IT IS FURTHER ORDERED that because of a non-party joining a Receiver's meeting with Investors under an assumed identity (*see* ECF No. 1026-12 at 2–3) no attorney, party, person, respondent, victim, or witness may appear for any court hearing via Zoom without prior court authorization. Such authorization will require proof of identity. *See* Mins., ECF No. 1045. This rule applies in this action and in all clawback actions. Further, any person who shares Zoom link information may be subject to sanctions, including contempt of court. This also order applies to all clawback defendant cases.

Dated: October 14, 2026

_______________________________
Cristina D. Silva
United States District Judge